IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROOTS,

        Petitioner,                  No. 2:12-cv-2903 LKK KJN P

    vs.

CATE/VALENZUELA,

        Respondents.        <u>ORDER</u>

                               /

        Petitioner, a state prisoner proceeding without counsel, filed a document styled "Civil Rights Action," and entitled "Complaint," but the caption reads "Roots on habeas corpus." (Dkt. No. 1 at 1.) In the first paragraph, petitioner claims he is filing both a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to this court's December 12, 2012 order, petitioner has now filed a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        Petitioner attempts to challenge his conviction by claiming he is being falsely imprisoned by respondents Cate and Valenzuela, and that other respondents violated his constitutional rights. However, petitioner is advised that he may only challenge the fact or

duration of his confinement through a petition for writ of habeas corpus, not a civil rights action. In addition, the proper respondent in a habeas petition is the warden of the institution in which petitioner is presently incarcerated.

Moreover, the complaint filed by petitioner does not address the issue of exhaustion of state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Because it appears petitioner seeks to challenge his underlying criminal conviction, and petitioner does not address the issue of exhaustion, petitioner's complaint is dismissed with leave to file a petition for writ of habeas corpus on the form provided by the court.[2] See Rule 2(c), Rules Governing § 2254 Cases. While petitioner may append additional pages as necessary, the court's form provides information necessary to screen the petition.

Finally, on December 19, 2012, petitioner filed a motion for summary judgment. Petitioner's motion is premature. The court has not yet determined that service of the petition is appropriate, and no appearance by the opposing party has been made. Therefore, petitioner's motion is denied without prejudice.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (dkt. no. 8);

2. Petitioner's complaint is dismissed with leave to file an amended petition, on the form provided, within thirty days from the date of this order;

3. Any amended petition must be filed on the form provided with this order, must name the proper respondent,[3] and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; failure to file an amended petition will result in the dismissal of this action;

4. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and to change the court's docket to reflect that this action is proceeding on habeas; and

5. Petitioner's December 19, 2012 motion (dkt. no. 7) is denied without prejudice.

DATED:  January 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

root2903.114

---

[3] In a habeas petition, the proper respondent is the warden of the institution in which petitioner is presently incarcerated.