IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROOTS,

      Petitioner,                    No. 2:12-cv-2903 LKK KJN P

    vs.

CATE/VALENZUELA,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel. On January 18, 2013, petitioner filed a motion for temporary restraining order, and preliminary and permanent injunctions. Petitioner seeks a court order enjoining respondents from using allegedly false documents or records in the commitment of petitioner for an offense he claims he did not commit, and to release petitioner from state custody.

        As set forth in this court's January 10, 2013 order, plaintiff initially filed a document styled "Civil Rights Action," and entitled "Complaint," and the caption reads "Roots on habeas corpus." (Dkt. No. 10.) The court informed petitioner that he may only challenge the fact or duration of his confinement through a petition for writ of habeas corpus, not a civil rights action. (Id.) Thus, at present, no operative petition or complaint is on file because petitioner's initial filing was dismissed, and petitioner was granted thirty days in which to file a petition for

1

writ of habeas corpus on the form provided by the court.  (Dkt. No. 10.)

In addition, petitioner's motion for temporary restraining order or preliminary injunction essentially repeats the core allegations of his initial filing, asserting that he has been wrongfully incarcerated on allegedly false charges.

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L.R. ("Local Rule") 231(a). This court construes a motion for temporary restraining order as a motion for preliminary injunction.[1]

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 21-22 (2008).  In cases brought by prisoners

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. Jan. 29, 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions' ")(citations omitted).

involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

By simply repeating the basis for his petition for writ of habeas corpus, petitioner does not present a basis for this court to issue any form of preliminary relief. Therefore his motion for a temporary restraining order or preliminary injunction should be denied.

On January 14, 2013, petitioner filed a motion for bail. However, as noted above, petitioner has been convicted and is presently incarcerated; therefore, bail is not appropriate. Petitioner raises an ex post facto challenge to his conviction in this motion; however, as petitioner was previously informed, he may only challenge his conviction through a petition for writ of habeas corpus. Accordingly, petitioner's motion for bail should also be denied.

Finally, on January 18, 2013, petitioner filed a motion for default judgment. However, there is no operative petition on file, and no respondent has been served with process. Thus, petitioner's motion for default judgment is premature, and should be denied.

Petitioner is reminded of his obligation to file a petition for writ of habeas corpus, pursuant to this court's January 10, 2013 order, within thirty days from the filing of such order. Failure to comply with the January 10, 2013 order will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 18, 2013 motion (dkt. no. 13) be denied;

2. Plaintiff's January 14, 2013 motion (dkt. no. 11) be denied; and

3. Plaintiff's January 18, 2013 motion (dkt. no. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

root2903.pi