IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROOTS,

    Petitioner,               No. 2:12-cv-2903 LKK KJN P

    vs.

CATE/VALENZUELA, et al.,

    Defendants.            ORDER

_____/

    On February 19, 2013, petitioner filed a motion, directed to the district judge, which the court construes as a motion to recuse the undersigned. (Dkt. No. 19.) Petitioner claims that he remains free to withhold consent to the magistrate judge,[1] generally complains about the undersigned's rulings, seeks to have me removed from this case, and to have this matter heard by the district judge. (Dkt. No. 19.) Petitioner cites, *inter alia*, 28 U.S.C. § 144 and 28 U.S.C. § 455.

    Despite having directed the motion to the district judge, the decision regarding disqualification under section 455 is made by the judge whose impartiality is at issue. <u>Bernard v. Coyne</u>, 31 F.3d 842, 843 (9th Cir. 1994) (the recusal motion must be decided by "the very judge

---

[1] This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

whose impartiality is being questioned.") Therefore, the court turns to petitioner's motion.

Section 144 provides in full:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.[2]

Section 455 states in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

28 U.S.C. § 455(a)(b)(1).

Under both 28 U.S.C. §§ 144 and 455, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453

---

[2] The application of section 144 to judicial officers other than district court judges is not a settled question. In re Smith, 317 F.3d 918, 932 (9th Cir. 2002) ("section 144 applies only to district court judges. . . ."); In re Goodwin, 194 B.R. 214, (9th Cir. BAP 1996) (holding section 144 applies only to district court judges (citing Liteky v. United States, 510 U.S. 540, 546 (1994) (section 455 was amended to include "bias or prejudice" grounds stated in section 144 so that the standard was "applicable to all justices, judges and magistrates (and not just district judges). . . .")); see Bernard, 31 F.3d at 843 n.3 (circuit court judge not subject to recusal under section 144). The court assumes that section 144 applies here.

(9th Cir. 1997).  Recusal is required "only if bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (citing Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Petitioner's claims do not meet the standard for requiring recusal of a judge. Petitioner alleges no specific facts demonstrating that the undersigned has a personal bias or prejudice against petitioner.  See Liteky, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985) (party must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source -- some source other than what the judge has learned through participation in the case.")  Petitioner also failed to provide the affidavit certifying that his motion was filed in good faith, as required under 28 U.S.C. § 144.  See United States v. Azhacar, 581 F.2d 735, 738 (9th Cir. 1978) ("failure to follow . . . procedural requirements . . . defeats his charge of bias.")  Finally, petitioner's allegations do not suggest that the undersigned's impartiality might reasonably be questioned

For all of these reasons, petitioner's motion to recuse the undersigned is denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's February 19, 2013 motion (dkt. no. 19), construed as a motion to recuse the undersigned, is denied.

DATED: February 21, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

root2903.rec