1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD ROOTS,

11          Petitioner,                    No. 2:12-cv-2903 LKK KJN P

12      vs.

13   CATE/VALENZUELA,

14          Respondents.                   ORDER

15   _____/

16          Petitioner is a state prisoner proceeding without counsel and in forma pauperis.

17   By order filed January 10, 2013, petitioner's complaint was dismissed, and petitioner was granted

18   leave to file an amended petition for writ of habeas corpus.  Despite being provided with the

19   court's form for filing an application for writ of habeas corpus, and ordered to file the

20   amendment on such form, petitioner handwrote the filing, and entitled it "Amended Complaint,

21   Appeal for Issuance of Writ of Habeas Corpus," again attempting to combine a civil rights

22   complaint under 42 U.S.C. § 1983, with a habeas petition brought under 28 U.S.C. § 2254.

23          Petitioner names the State of California, Warden Valenzuela, Director Matthew

24   Cate, District Attorney Jan Scully, Deputy District Attorney David Bonilla, Public Defender

25   Rodney J. Simpson, attorney Donna J. Hooper, appeals attorney Patricia L. Watkins, and Judge

26   Timothy Frawley as defendants/appellees [sic].  (Dkt. No. 4 at 1.)  Petitioner claims that he is

1    being falsely imprisoned, pursuant to his conviction in Sacramento County Superior Court Case

2    No. 08F04879, and although he was convicted of an unspecified crime with great bodily injury,

3    petitioner alleges the victim sustained no injury.  Liberally construed, petitioner also raises

4    claims of ineffective assistance of trial and appellate counsel, and appears to also challenge

5    certain enhancements to his sentence.  Petitioner seeks money damages.

6           First, to the extent that petitioner is seeking money damages based on rulings

7    made by Judge Frawley, this defendant is absolutely immune.  "Judges and those performing

8    judge-like functions are absolutely immune from damage liability for acts performed in their

9    official capacities."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  Therefore, as

10   Superior Court Judges for the State of California, defendant Frawley has absolute immunity from

11   civil proceedings relating to the underlying criminal proceedings, which were performed within

12   his judicial discretion.

13          Similarly, prosecutors are absolutely immune from civil suits for damages under

14   § 1983 which challenge activities related to the initiation and presentation of criminal

15   prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's

16   actions are immunized requires a functional analysis.  The classification of the challenged acts,

17   not the motivation underlying them, determines whether absolute immunity applies.  Ashelman

18   v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions,

19   rather than administrative or investigative functions, are absolutely immune.  Thus, even charges

20   of malicious prosecution, falsification of evidence, coercion of perjured testimony and

21   concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.

22   See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

23          Second, petitioner's claim for money damages challenges the validity of his

24   criminal conviction.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme

25   Court held that a suit for damages on a civil rights claim concerning an allegedly

26   unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

2

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's

favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the

complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

been invalidated.

Here, petitioner's claims "necessarily imply the invalidity" of his criminal

conviction. Heck, 512 U.S. at 487. Petitioner was convicted of

> three firearm-related offenses and of making criminal threats. The
> jury also sustained a personal-use-of-a-firearm enhancement but
> was unable to reach a verdict on a fifth count involving an assault
> with a vehicle. The trial court sustained a recidivist allegation,
> after which it imposed a prison sentence of 18 years, four months.

People v. Roots, 2011 WL 3273882 (Cal. App. 3 Dist. Aug. 1, 2011) (Super. Ct. No. 08F04879).

Because petitioner was convicted in Sacramento County, any challenge to his conviction or

sentence would be filed in the Eastern District of California. Court records indicate that the

instant action is the only challenge to petitioner's conviction that petitioner has filed. Moreover,

petitioner has not shown that the conviction has been invalidated.

Accordingly, because petitioner seeks damages for an allegedly unconstitutional

criminal conviction, and because his conviction has not been invalidated, a claim for damages

has not yet accrued. Heck, 512 U.S. at 489-90. Thus, petitioner's claims for damages are

dismissed without prejudice, and petitioner should not include claims for money damages in any

second amended petition for writ of habeas corpus.

Third, petitioner failed to comply with this court's January 10, 2013 order. If

petitioner seeks to challenge the validity of his conviction in this action, he must file a proper

petition for writ of habeas corpus:

////

1          a.  Petitioner must name the proper respondent.  Rule 2(a), Rules

2  Governing § 2254 Cases.  "A petitioner for habeas corpus relief must name the state officer

3  having custody of him or her as the respondent to the petition."  Stanley v. California Supreme

4  Court, 21 F.3d 359, 360 (9th Cir. 1994).  The court is required to consider *sua sponte* whether the

5  named respondent has the power to provide the relief sought in a habeas corpus action.  See

6  Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  Thus, petitioner should only name Elvin

7  Valenzuela, Warden at California Men's Colony, East, as the respondent on the form petition.

8          b.  The petition must:  (1) specify all the grounds for relief available to the

9  petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed,

10  typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or

11  by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.  Rule 2(c), Rules

12  Governing § 2254 Cases.  Thus, it is not necessary for petitioner to set forth all the ways in which

13  he was free prior to his criminal conviction.

14          c.  Petitioner is required to file his habeas claims on the form provided by

15  the court.  See Rule 2(d), Rules Governing § 2254 Cases.  As noted in the prior order, the court's

16  form provides key information that the court needs in order to evaluate the petition.

17          d.  Petitioner must also address the issue of exhaustion of state court

18  remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for

19  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

20  explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

21  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

22  highest state court with a full and fair opportunity to consider all claims before presenting them

23  to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

24  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

25  _____

26       [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

4

1    Petitioner references several cognizable habeas claims in his March 25, 2013, but

2 makes no mention of exhausting his state court remedies.  In order for this action to proceed,

3 petitioner must have presented each of his habeas claims to the California Supreme Court.[2]

4    Finally, petitioner is warned that failure to comply with this order will result in a

5 recommendation that this action be dismissed.  The Federal Rules of Civil Procedure apply to

6 habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in

7 statutes of the United States."  Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing § 2254 Cases.

8 Rule 41(b) of the Federal Rule of Civil Procedure provides that a defendant may move for

9 dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or

10 any order of court."  Id.  Dismissal may also be ordered by the court *sua sponte*.  Link v. Wabash

11 R.R., 370 U.S. 626, 629-30 (1962) (*sua sponte* dismissal for failure to prosecute upheld on

12 appeal); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (listing factors used to

13 determine whether dismissal under Rule 41(b) is appropriate).  Thus, if petitioner (a) fails to file

14 a second amended petition, or (b) fails to file the second amended petition on the form provided

15 by the court, or (c) fails to include the information required under Rule 2, Rules Governing

16 § 2254 Cases, or (d) again attempts to file a combined § 1983 complaint with a habeas petition,

17 the court will recommend that this action be dismissed.

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Petitioner's amended complaint/petition (dkt. no. 24) is dismissed with leave

20 to file a second amended application for writ of habeas corpus, within thirty days from the date of

21 this order;

22 ////

23

24    [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one

25 year period will start to run on the date on which the state court judgment became final by the
conclusion of direct review or the expiration of time for seeking direct review, although the
statute of limitations is tolled while a properly filed application for state post-conviction or other

26 collateral review is pending.  28 U.S.C. § 2244(d).

1        2.  Petitioner is directed to file an amended petition on the form provided with this

2 order; the amended petition must name the proper respondent, and must state all claims and

3 prayers for relief on the form; it must bear the case number assigned to this action and the title

4 "Second Amended Petition;" failure to file an amended petition will result in the dismissal of this

5 action;

6        3.  The Clerk of the Court is directed to send petitioner the court's form petition

7 for writ of habeas corpus pursuant to 28 U.S.C. § 2254; and

8        4.  Petitioner is cautioned that failure to file the second amended petition on the

9 form provided by the court in conformance with this order will result in a recommendation that

10 this action be dismissed for failure to follow court orders.  Fed. R. Civ. P. 41(b).

11 DATED:  March 28, 2013

12

13

14 KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

15 root2903.114b

16

17

18

19

20

21

22

23

24

25

26

6