IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ROOTS,

      Petitioner,               No. 2:12-cv-2903 LKK KJN P

    vs.

CATE/VALENZUELA,

      Respondents.        ORDER

_____/

       Petitioner is a state prisoner proceeding without counsel and in forma pauperis. By order filed January 10, 2013, petitioner's complaint was dismissed, and petitioner was granted leave to file an amended petition for writ of habeas corpus. Despite being provided with the court's form for filing an application for writ of habeas corpus, and ordered to file the amendment on such form, petitioner handwrote the filing, and entitled it "Amended Complaint, Appeal for Issuance of Writ of Habeas Corpus," again attempting to combine a civil rights complaint under 42 U.S.C. § 1983, with a habeas petition brought under 28 U.S.C. § 2254.

       Petitioner names the State of California, Warden Valenzuela, Director Matthew Cate, District Attorney Jan Scully, Deputy District Attorney David Bonilla, Public Defender Rodney J. Simpson, attorney Donna J. Hooper, appeals attorney Patricia L. Watkins, and Judge Timothy Frawley as defendants/appeallees [sic]. (Dkt. No. 4 at 1.) Petitioner claims that he is

1

being falsely imprisoned, pursuant to his conviction in Sacramento County Superior Court Case No. 08F04879, and although he was convicted of an unspecified crime with great bodily injury, petitioner alleges the victim sustained no injury. Liberally construed, petitioner also raises claims of ineffective assistance of trial and appellate counsel, and appears to also challenge certain enhancements to his sentence. Petitioner seeks money damages.

First, to the extent that petitioner is seeking money damages based on rulings made by Judge Frawley, this defendant is absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as Superior Court Judges for the State of California, defendant Frawley has absolute immunity from civil proceedings relating to the underlying criminal proceedings, which were performed within his judicial discretion.

Similarly, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Second, petitioner's claim for money damages challenges the validity of his criminal conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

Here, petitioner's claims "necessarily imply the invalidity" of his criminal conviction. Heck, 512 U.S. at 487. Petitioner was convicted of

> three firearm-related offenses and of making criminal threats. The jury also sustained a personal-use-of-a-firearm enhancement but was unable to reach a verdict on a fifth count involving an assault with a vehicle. The trial court sustained a recidivist allegation, after which it imposed a prison sentence of 18 years, four months.

People v. Roots, 2011 WL 3273882 (Cal. App. 3 Dist. Aug. 1, 2011) (Super. Ct. No. 08F04879). Because petitioner was convicted in Sacramento County, any challenge to his conviction or sentence would be filed in the Eastern District of California. Court records indicate that the instant action is the only challenge to petitioner's conviction that petitioner has filed. Moreover, petitioner has not shown that the conviction has been invalidated.

Accordingly, because petitioner seeks damages for an allegedly unconstitutional criminal conviction, and because his conviction has not been invalidated, a claim for damages has not yet accrued. Heck, 512 U.S. at 489-90. Thus, petitioner's claims for damages are dismissed without prejudice, and petitioner should not include claims for money damages in any second amended petition for writ of habeas corpus.

Third, petitioner failed to comply with this court's January 10, 2013 order. If petitioner seeks to challenge the validity of his conviction in this action, he must file a proper petition for writ of habeas corpus:

////

      a. Petitioner must name the proper respondent. Rule 2(a), Rules Governing § 2254 Cases. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). The court is required to consider *sua sponte* whether the named respondent has the power to provide the relief sought in a habeas corpus action. See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). Thus, petitioner should only name Elvin Valenzuela, Warden at California Men's Colony, East, as the respondent on the form petition.

      b. The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. Rule 2(c), Rules Governing § 2254 Cases. Thus, it is not necessary for petitioner to set forth all the ways in which he was free prior to his criminal conviction.

      c. Petitioner is required to file his habeas claims on the form provided by the court. See Rule 2(d), Rules Governing § 2254 Cases. As noted in the prior order, the court's form provides key information that the court needs in order to evaluate the petition.

      d. Petitioner must also address the issue of exhaustion of state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

Petitioner references several cognizable habeas claims in his March 25, 2013, but makes no mention of exhausting his state court remedies. In order for this action to proceed, petitioner must have presented each of his habeas claims to the California Supreme Court.[2]

Finally, petitioner is warned that failure to comply with this order will result in a recommendation that this action be dismissed. The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States." Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing § 2254 Cases. Rule 41(b) of the Federal Rule of Civil Procedure provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Id. Dismissal may also be ordered by the court *sua sponte*. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) (*sua sponte* dismissal for failure to prosecute upheld on appeal); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (listing factors used to determine whether dismissal under Rule 41(b) is appropriate). Thus, if petitioner (a) fails to file a second amended petition, or (b) fails to file the second amended petition on the form provided by the court, or (c) fails to include the information required under Rule 2, Rules Governing § 2254 Cases, or (d) again attempts to file a combined § 1983 complaint with a habeas petition, the court will recommend that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended complaint/petition (dkt. no. 24) is dismissed with leave to file a second amended application for writ of habeas corpus, within thirty days from the date of this order;

////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

      2. Petitioner is directed to file an amended petition on the form provided with this order; the amended petition must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Second Amended Petition;" failure to file an amended petition will result in the dismissal of this action;

      3. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; and

      4. Petitioner is cautioned that failure to file the second amended petition on the form provided by the court in conformance with this order will result in a recommendation that this action be dismissed for failure to follow court orders. Fed. R. Civ. P. 41(b).

DATED: March 28, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

root2903.114b